ALBANY,
August, 1816.

HANCOCK
v.
STURGES.

HANCOCK *against* STURGES.

THIS was an action of *assumpsit*, for money had and received to the use of the plaintiff, and was tried at the *New-York* sittings, in *October* last, before Mr. Justice *Platt*, when a verdict was taken for the plaintiff, subject to the opinion of the court, on the following case :

In the autumn of the year 1813, while the *British* cruisers were hovering on our coast, and occupying *Long-Island* sound, the plaintiff, a citizen of *Hartford*, in the state of *Connecticut*, purchased at *Baltimore*, in *Maryland*, 59 barrels of flour, which was duly inspected at *Baltimore*, and branded " superfine," and which was brought by land to the city of *New-York*, with the intent of carrying the same to *Hartford*, where the same was intended for consumption. When the flour arrived at *New-York*, the agents of the plaintiff, thinking there was less risk in navigating the sound than there had been some time before, determined to send the flour by water to *New-Haven*, to be forwarded from thence to *Hartford*; and, with that view, the flour was put on board of a sloop, without having been inspected in *New-York*. The defendant, being an inspector of flour, though informed of the circumstances, and the intention of the plaintiff, seized the flour, as forfeited under the inspection laws of this state, and sold it at auction for 427 dollars and 75 cents, which, with the interest, amounted to the sum given by the verdict.

The case was submitted to the court without argument.

*Per Curiam.* The circumstances under which the flour in question was put on board the sloop for transportation, did not make it necessary to have it inspected. The leading object of the statute* (2 *N. R. L.* 320) is to preserve the character of flour manufactured in this state, or purchased here for exportation. The provisions in the statute accordingly embrace the two cases of flour manufactured here for exportation, and that purchased for exportation; neither of which reaches the present case. The 8th section of the act under which the seizure in question must have been made, must be construed with reference to the general object and other provisions in the statute. It declares,

*The act for the inspection of flour, &c., (sess. 36. c. 27. 2 N. R. L. 320.,) does not apply to flour purchased out of this state, to be consumed in another state, (where it has been inspected and branded,) New-York, and there shipped, with a view to be forwarded to its place of destination.*

*Sess. 36. ch. 27.

that if any person shall lade, or attempt to lade, on board any vessel, with intent to ship or export the same *direct* out of this state, any flour not branded as aforesaid, he shall forfeit the same. This was not a direct shipment or exportation out of this state. The flour was merely *in transitu*, from *Baltimore* to *Hartford*, and did not come within the mischief intended to be guarded against by this statute, any more than if the transportation had been by land through this state. This flour had been inspected in *Baltimore*, and there branded. Our statute requires that flour manufactured for exportation, shall be packed in casks of certain specified dimensions, and be branded, with the initials of the christian and surname of the manufacturer, and quality of the flour, before the same shall be offered for inspection; and unless the cask is made and branded, and the flour packed as required by the act, the inspector is not authorized to give it his brand. Indeed, the act, throughout, shows that its provisions could not have been intended to apply to flour situated like that now in question. The plaintiff must, accordingly, have judgment upon this verdict as found by the jury.

Judgment for the plaintiff.